R. W. GILMORE

*vs.*

JOSIAH CROSBY AND S. PERCY CROSBY.

Penobscot.    Opinion January 3, 1885.

*Attorneys at law.    Writs, endorsement of.*

Attorneys, signing their names upon a writ under a direction to the officer as follows : "Mr. officer, attach hay," do not thereby become indorsers of the writ and liable for costs.

Nor do they become indorsers of the writ by erasing the word "hay" and allowing their signatures to remain after giving verbal directions to the officer how to serve it.

ON REPORT.    The opinion states the case and material facts.

*Thomas H. B. Pierce,* for the plaintiff.

*Josiah Crosby,* for the defendants.

HASKELL, J.    This is an action on the case, to recover· of defendants as indorsers of a writ, the amount of a judgment for costs.

The indorsement was : "Mr. officer, attach hay, J. and S. P. Crosby, plaintiff's attorneys". After it had been made, the word "hay" was erased with a pen, and the officer made service by nominal attachment and summons.

Are the defendants indorsers of the writ, from writing their names across it in the connection named?

It is plain that they did not intend such result. They gave written directions to the officer to make a specific attachment, and signed it as attorneys. Afterwards, they changed the phraseology of their directions, by drawing a pen through the word "hay," and verbally directed what service should be made. In doing this, they did not intend to change their relations to the writ by indorsing it, nor could the plaintiff have supposed that indorsement was intended. If in doubt, he could easily have ascertained what was intended, by moving to dismiss the writ for want of an indorser, but this he did not do. It cannot be said that he was misled in the matter, for he did not take the trouble even to inquire, if an indorsement was intended, but on the contrary, chose to lie by, and after judgment in his favor, take his chances of holding the defendants liable as indorsers.

The language of the supposed indorsement negatives the construction contended for, and the plaintiff is not entitled to insist upon so unnatural a construction of language as to work that result. The cases have gone to the very verge of propriety in holding persons, whose names chance to be upon a writ, liable as indorsers. Neither authority nor justice requires the defendants to be held liable. The authorities relied upon do not sustain the plaintiff's case. *Jacobs* v. *Benson*, 39 Maine, 132; *Richards* v. *McKenney*, 43 Maine, 177; *Sawtelle* v. *Wardwell*, 56 Maine, 146.

*Plaintiff nonsuit.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.